IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE RODRIGUEZ ALVES,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **EAGLE CRANE SERVICES, INC., et al,** | : | |
| Defendants | : | NO. 05-6699 |

PRATTER, DISTRICT JUDGE                                                                                          APRIL 19TH , 2006

## MEMORANDUM AND ORDER

Plaintiff Jose Rodriguez Alves filed a complaint in the Court of Common Pleas for Philadelphia County against Defendants Eagle Crane Services, Inc.("Eagle Crane"), Layne Thomas Builders, Inc. ("Layne Thomas"), Lionville Professional Center Condominium Association, Inc. ("Lionville"), Walter and Jackson, Inc. ("W&J"), D. Fickler Construction, LLC ("D. Fickler"), and H.M. Stauffer & Sons, Inc. ("H.M. Stauffer"), alleging that he suffered injuries resulting from a workplace accident. Between December 7[1] and 20, 2005, all six of the Defendants were properly served with the complaint. On December 22, 2005, Defendant Eagle Crane filed a Notice of Removal of the litigation to this Court based on diversity jurisdiction.

Thereafter, on various dates, all of the Defendants consented to the removal of the case to federal court. On January 20, 2006, Mr. Alves filed a Motion to Remand, arguing that removal was improper because the mandate of 28 U.S.C. § 1446 requiring timely unanimity of all

---

[1] Plaintiff suggests that the earliest service date was December 5 rather than December 7, 2005. Under the undisputed material facts, the 2-day discrepancy is of no moment.

defendants in support of removal is unsatisfied. Specifically, Mr. Alves asserts that Defendants Layne Thomas, Lionville, and W&J did not consent to the removal within the applicable 30-day time period required under Section 1446. Thus, concludes Mr. Alves, the unanimity requirement that all defendants must consent to the removal remains unmet, and the case must be remanded to the court of common pleas. For the reasons set forth below, the Court finds that the unanimity requirement has not been satisfied and the case must be remanded.

## I. FACTS AND PROCEDURAL HISTORY

On December 1, 2005, Mr. Alves filed his complaint in the court of common pleas against the Defendants, alleging claims of negligence against all Defendants and strict liability against H.M. Stauffer and W&J. On December 7, 2005,[2] Mr. Alves first effected proper service on the Defendant Layne Thomas. Thereafter, Mr. Alves served Defendants Lionville and D. Fickler on December 15, 2005; Eagle Crane on December 16, 2005; H.M. Stauffer on December 19, 2005; and W&J on December 20, 2005.

Eagle Crane filed a timely Notice of Removal on December 22, 2005. 28 U.S.C. §§ 1332, 1446. On various dates spanning from December 29, 2005 to January 30, 2006, all of the other defendants joined in the removal by filing notices to that effect. Initially, on December 29, 2005, D. Fickler filed its notice of joinder in the Eagle Crane removal. Subsequently, the four remaining defendants filed their notices of joinder to the removal: H.M. Stauffer filed its notice on January 5, 2006;[3] Layne Thomas filed its notice on January 9, 2006; Lionville filed its notice

---

[2] See *supra* note 1.

[3] H.M. Stauffer suggests that its joinder notice was filed on January 4, 2006, but, again, the one day difference does not change the outcome of the Court's analysis.

on January 27, 2006; and W&J filed its notice on January 30, 2006.

As noted above, Mr. Alves filed a Motion to Remand on January 20, 2006, arguing that removal is improper because the requirements of 28 U.S.C. § 1446 were unsatisfied. Specifically, Mr. Alves contends that the removal was defective because Defendants Layne Thomas, Lionville, and W&J filed their notices of consent to the removal too late to be effective. Indeed, Mr. Alves points out that two of the defendants even filed their joinder notices a week or more *after* he filed the Motion to Remand. Defendant Layne Thomas filed a response to Mr. Alves' Motion to Remand, to which Mr. Alves responded. The Court heard oral argument on the issues at hand.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant in a state court action is entitled to remove the action to a federal district court if the district court has original jurisdiction over the case. Removal procedure requires the removing defendant to file a notice of removal with the district court. 28 U.S.C. § 1446(a). Section 1446 also requires that the notice of removal must be filed within thirty days (30) after the defendant receives the pleading that sets forth the basis for removal. 28 U.S.C. § 1446(b). In cases with multiple defendants, the decision to remove the case must be unanimous, and all defendants must actually join in the notice of removal. See, e.g., Leuzzi v. Dollar Tree Stores, Inc., No. 05-4814, 2005 U.S. Dist. LEXIS 26701, at *3 (E.D. Pa. Nov. 4, 2005).[4]

---

[4] This "rule of unanimity" can be disregarded when: (1) the non-joining defendants is a nominal party; (2) the defendant has been fraudulently joined; or (3) a defendant had not been served when the removing defendant filed its notice of removal. Tellado v. Roto-Die, Inc., No. 04-3382, 2005 U.S. Dist. LEXIS 5075, at *4 n.3 (E.D. Pa. Mar. 29, 2005) (citing Shepard v. City of Phila., No. 00-6076, 2001 U.S. Dist. LEXIS 783, at *4 n.1 (E.D. Pa. Jan. 31, 2001)); Johnson

The burden of establishing the propriety of removal always rests with the removing defendants.  See, e.g., Tellado v. Roto-Die, Inc., No. 04-3382, 2005 U.S. Dist. LEXIS 5075, at *3 (E.D. Pa. Mar. 29, 2005).  As such, "all facts are to be strictly construed against removal, and all doubts must be resolved in favor or remand." Leuzzi, 2005 U.S. Dist. LEXIS 26701, at *2.

Plaintiff Alves asserts that the rule of unanimity has not been satisfied here because Defendants Layne Thomas, Lionville, and W&J untimely filed their notices of consent to the removal.  Specifically, the uncontroverted facts indicate that Layne Thomas needed to have filed its joinder notice by January 6, 2006 but did not do so until January 9; Lionville should have filed no later than January 14 but waited until January 27; and W&J was similarly 11 days late with its notice of joinder.  Nonetheless, Defendant Layne Thomas argues that the consent notices were timely filed, and urges the Court to apply the "later-served defendant" rule.  Defendant Layne Thomas also argues that because the state court docket did not indicate service of the complaint on Lionville or W&J, the Court should use the third exception to the unanimity requirement that a formal notice of joinder need not be filed by a defendant that has not been served by the date of removal.  At the oral argument, however, the Defendants conceded that service was properly effected on Lionville and W&J on December 15 and 20, 2005, respectively.

Pursuant to the later-served defendant rule, each defendant has 30 days from the date of service to remove the complaint to federal court or join in the removal petition of another defendant. Zollner v. Swan, No. 03-1110, 2003 U.S. Dist. LEXIS 9766, at *4.  Moreover, a defendant who was served earlier may consent to a later-served defendant's notice of removal, even though its own 30 day period may have already expired as long as the later-served

---

v. Horn, No. 99-5325, 2000 U.S. Dist. LEXIS 1025 (E.D. Pa. Feb. 7, 2000).

defendant's 30 days have not passed.  Id.; see also Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533-34 (6th Cir. 1999); Snapping Shoals Elec. Mbrshp. Corp. v. RLI Ins. Corp., No. 05-cv-1714, 2005 U.S. Dist. LEXIS 36776, at *5 (N.D. Ga. Dec. 14, 2005); K.S. v. School Dist. of Phila., No. 05-4916, 2005 U.S. Dist. LEXIS 29470, at *9 (E.D. Pa. Nov. 3, 2005).

In this case, on the facts presented, even if the Court were to apply the later-served defendant rule, whereby each of the Defendants would be entitled to 30 days after service to file a notice of removal or join in a notice of removal, the removal here could not be saved.  The reason is simple.  W&J was the last-served defendant, receiving service of the complaint on December 20, 2005.  Thus, W&J (and, arguably, all other defendants) had 30 days from December 20, 2005, or until January 19, 2005, to remove or consent to removal.  It did not.  Rather, W&J did not file its notice of removal until January 30, 2006 – eleven days after the removal deadline.  Lionville's notice also was a week beyond the later-served defendant's 30-day deadline.  The 30 day limitation of Section 1446 whereby defendants must file or join in a notice of removal "is mandatory and the court is without authority to expand it."  Ogletree v. Barnes, 851 F. Supp. 184, 190 (E.D. Pa. 1994) (internal quotations and citation omitted); see also Carter v. Ingersoll-Rand Co., No. 00-6438, 2001 U.S. Dist. LEXIS 2466, at *9-10 (collecting cases; 30 day limitation is mandatory and must be strictly construed).  Thus, the Court finds that the rule of unanimity as required by 28 U.S.C. § 1446 has not been met, and the litigation must be remanded to state court.

### III.  CONCLUSION

For the foregoing reasons, Mr. Alves Motion to Remand the action to state court will be

granted.  An appropriate Order consistent with this Memorandum follows.

BY THE COURT:


<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE RODRIGUEZ ALVES,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **EAGLE CRANE SERVICES, INC., et al,** | : | |
| Defendants | : | NO. 05-6699 |

## ORDER

AND NOW, this 19th day of April, 2006, upon consideration of Plaintiff Alves' Motion to Remand (Docket No. 10), Defendant Layne Thomas' Response (Docket No. 17), and Mr. Alves' Reply thereto (Docket No. 18) and following oral argument on the Motion conducted on April 18, 2006, is hereby ORDERED that Plaintiff's Motion is GRANTED, and this matter shall be REMANDED to the Philadelphia County Court of Common Pleas. The Clerk is directed to mark this case CLOSED for all purposes.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE